## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CONNIE MERRYMAN,**

    **Plaintiff,**

**v.**                                                           Case No.  8:06-cv-2139-T-30MAP

**PROVIDENT LIFE AND ACCIDENT**
**INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint and Strike State Law-Based Attorney's Fee Demand and Request for Jury Trial (Dkts. #6,7) and Plaintiff's Responses in Opposition to the same (Dkts. #5,9).

## BACKGROUND

Plaintiff originally filed this suit in the Sixth Judicial Circuit, in and for, Pinellas County, against Defendant claiming that Defendant wrongfully denied her long term disability benefits (Dkt. #2). On November 11, 2006, Defendant removed the action to this Court, stating that Plaintiff's claims arose and were governed exclusively by the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") (Dkt. #1). Defendant has now moved to dismiss Plaintiff's Complaint on the grounds that her claims are preempted by ERISA (Dkt. #6). Defendant has also moved to strike Plaintiff's claims for attorney's fees and jury trial (Dkt. #7)

## MOTION TO DISMISS STANDARD

At the motion to dismiss stage, this Court must view the complaint in the light most favorable to Plaintiffs and construe all allegations in the complaint as true. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). A court may, however, dismiss a complaint on a dispositive issue of law. Marshall Cty Bd. of Educ. v. Marshall Cty Gas Dist., 992 F.2d 1171 (11th Cir.1993). Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief. . . However, the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent." Quality Foods DeCentro America S.A. v. Latin Am. Agribusiness Dev. Corp., 711 F. 2d 989, 995 (11th Cir. 1983). A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that the Plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); South Florida Water Mgt. Dist. v. Montalvo, 84 F. 3d 402, 406 (11th Cir. 1996).

## DISCUSSION

**A.   ERISA claim.**

After converting Plaintiff's state law action into a federal ERISA action, Defendant is now seeking to dismiss the ERISA action for failing to state an ERISA claim. Effectively, Defendant has "towed the case into the federal harbor only to try to sink it once it is in port." Fleming v. Life of the South TPA, Inc., 868 F. Supp. 1347, 1348 (N.D. Ala. 1994) (quoting Bryant v. Blue Cross and Blue Shield of Alabama, 751 F. Supp. 968, 974 (N.D. Ala. 1990)). This series of procedural moves, using ERISA to bring a case into federal court and then

invoking preemption with a motion to dismiss, by a defendant has been referred to as "the ERISA two-step;" however, if this Court has already taken Defendant at its word in its notice of removal, it has assumed Plaintiff is invoking ERISA and everything it permits.

Reviewing Plaintiff's Complaint, it is sufficient to withstand a Motion to Dismiss. It gives notice to Defendant that the suit is based upon a wrongful denial of benefits. It is not couched in terms of a state law breach of contract action, nor does it claim damages other that the amount recoverable for a benefit claim. Moreover, the Complaint clearly complies with Rule 8(a) of the Federal Rules of Civil Procedure. As such, this Court cannot conclude based on the current record that preemption precludes plaintiff's claim.

### B. State Law based Attorney's Fees claim.

Defendant has also moved to strike Plaintiff's state law based attorney's fees claim on the grounds that ERISA's preemption clause preempts all state laws, including those governing attorneys' fees. Defendant's argument is well taken. Section 627.428 of the Florida Statutes, which mandates the award of attorney's fees, is preempted by ERISA, wherein the award of attorney's fees is discretionary. See Petsche v. Prudential Ins. Co. of America, 607 So. 2d 514 (Fla. 2d DCA 1992).

### C. Demand for Jury Trial.

Finally, Defendant seeks to strike Plaintiff's demand for jury trial. Specifically, Defendant argues that since ERISA provides only equitable remedies, there is no common law right to a jury trial. As previously held by this Court, in general, ERISA does not

provide a right to a jury trial in the recovery of ERISA benefits. See <u>Scarr v. UNUM Life Ins. Co. of America</u>, 2006 WL 1281184 at 2 (M.D. Fla. 2006) (citations omitted).

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Plaintiff's Complaint and Strike State Law-Based Attorney's Fee Demand and Request for Jury Trial (Dkts. #6,7) is **GRANTED IN PART AND DENIED IN PART** as stated herein.

2. Defendant's Motion to Dismiss (Dkt. #6) is **DENIED**.

3. Defendant's Motion to Strike Plaintiff's request for Attorney's Fees and jury trial is **GRANTED.**

4. Defendant shall have **twenty (20) days** from the date of this Order to file an answer to the Complaint.

**DONE** and **ORDERED** in Tampa, Florida on March 12, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2006\06-cv-2139 Motion to Dismiss.wpd